MARY J. BAKER, *Appellant*, v. MARY KELLEY LANE *et al., Appellees.*

No. 16,579.

SYLLABUS BY THE COURT.

1. TAX DEED—*Grantee Dead When Deed Was Executed—Action by Heir of Grantee to Quiet Title and Enjoin Defendants in Possession.* A party whose only title to land is under a tax deed made to a grantee who was dead when it was executed, which was delivered to such party as the heir of the deceased person, who caused the deed to be recorded and paid the taxes on the land, but who never took actual possession, can not maintain an action to quiet title or for an injunction against one who holds under the government title and who is in actual possession of the land.

2. WORDS AND PHRASES—*"His Heirs and Assigns"—Void Tax Deed.* The words "his heirs and assigns," following the name of the deceased person so designated as grantee in the deed, did not operate to vest title in such heir, and the deed is void as a conveyance.

3. REFORMATION OF INSTRUMENTS—*Tax Deed—Substitution of Plaintiff as Grantee—Application for a Second Deed.* A person who, as heir of the deceased owner of a tax-sale certificate, took out a tax deed thereon, wherein the name of the deceased person was inserted as grantee, can not maintain an

equitable action to have the deed reformed by a decree substituting her own name as grantee therein. She might, upon due application to the county clerk, have obtained a deed made to herself as grantee, notwithstanding the issuance of the former instrument.

Appeal from Seward district court; WILLIAM H. THOMPSON, judge. Opinion filed June 11, 1910. Affirmed.

*A. L. Billings,* for the appellant.

*Thomas A. Scates,* and *Albert Watkins,* for the appellees.

The opinion of the court was delivered by

BENSON, J.: This is an action to reform a tax deed, to quiet title under it, and for an injunction to restrain the defendants from entering or trespassing upon the land or injuring it. A demurrer to the petition was sustained, and the plaintiff appeals.

The petition shows that defendant Mary Kelley Lane is the owner in fee simple of the land in question, unless her title has been devested by a tax deed under which the plaintiff, Mary H. Baker, claims to own it.

The title to this land became vested in Mary Kelley Lane in the year 1888. It was then vacant and unoccupied, and so remained until April 10, 1908, when possession was taken by the defendants, who still hold it. The taxes of 1889 due upon this land were delinquent, and it was sold at the tax sale of 1890 and a certificate was issued thereon, which was afterward assigned to J. W. Baker, the plaintiff's husband at that time, but who died on April 3, 1892. On March 7, 1894, the plaintiff, now the sole surviving heir of the decedent, presented the tax certificate to the county clerk and requested that a tax deed be made to J. W. Baker, which was accordingly done, and the deed was delivered to her. This tax deed purports to convey the land to "J. H.

Baker, his heirs and assigns," but the initial "H" was inserted by a clerical error, instead of the initial "W," as directed. It is dated March 7, 1894, and was recorded that day. On the same date the plaintiff redeemed the land from a tax sale made in 1891, and paid all taxes to and including the taxes of 1893.

In April, 1908, finding that the defendants, Mary Kelley Lane and H. W. Lane, her husband, had entered upon the land, erected a small house, and broken out about five acres, the plaintiff caused a notice to be given to them that they were considered as trespassers, and that an action to quiet title and for an injunction would be commenced against them. Before this notice was given the defendants had offered to pay the tax lien, which was refused.

The petition is very voluminous. Exhibits are attached containing correspondence of the defendants with the county clerk and the county treasurer, and between the parties. It contains an allegation that the plaintiff took possession under the tax deed upon its delivery, but as it is also alleged that the land was vacant and unoccupied until the defendants' entry, and as this fact is also stated in the exhibits, it is understood that the possession referred to in the petition is constructive only; and this is the claim as stated in the plaintiff's brief. The entry of the defendants is characterized as wrongful and a trespass, made to harass, annoy and extort money, but these and other like charges add nothing to the legal effect of the facts pleaded, the substance of which is given above. The case presented, then, is that of one party in possession of land claiming title thereto in fee simple, and another party out of possession asserting a superior title and right of possession under a tax deed.

The plaintiff contends as a matter of law that the tax deed to Baker and his heirs and assigns vested the title in Baker's heirs, and cites *Rynearson v. Conn*, 77 Kan.

160.  The cases are easily distinguishable.   There the deed was to "the heirs of D. C. Rynearson, deceased"— a designation sufficiently definite to pass the title to whoever were in fact such heirs.   Here the deed was to "J. H. Baker, his heirs and assigns."   The words "heirs and assigns" are found in the statutory form of a tax deed; and the word "heirs" is usual in other conveyances, although not necessary under our statute, and implies a title in fee simple in the grantee named, which may descend to his heirs.   A deed to a person not living and his heirs is void, there being no person to take under it.   (1 Jones, Law Real Prop. Convey. § 223; 3 Wash. Real Prop., 6th ed., § 2121; 1 Dev. Deeds, 2d ed., § 123; *Hunter v. Watson,* 12 Cal. 363; *Miller v. Chittenden et al.,* 2 Iowa, 315; *Neal v. Nelson,* 117 N. C. 393.)   The argument is made that the words "J. H. Baker, his heirs and assigns," are equivalent to "J. H. Baker's heirs," but this construction is unwarranted, as it omits the grantee expressly named.

The plaintiff, having failed to prove title in herself, can not maintain her action to quiet title or for an injunction against the defendants, who were in actual possession when the suit was begun.   Other objections urged against granting that relief need not be discussed.

The cause of action to reform the tax deed can not be maintained.   A party desiring to obtain affirmative relief in court, based upon tax proceedings, should pursue such proceedings before the proper officers to a conclusion, which will give at least a *prima facie* right to the relief sought.   The holder of the tax certificate had a right to a tax deed made to the proper grantee, and a proper deed could have been obtained by application to the county clerk, notwithstanding the previous execution of a void or imperfect one.   (*Clippinger v. Tuller,* 10 Kan. 377; *Young v. Gibson,* 80 Kan. 264; *Douglass v. Nuzum,* 16 Kan. 515; see, also, *A. T. & S. F. Rld. Co.*

*v. Comm'rs of Jefferson Co.*, 12 Kan. 127.)   No good reason is shown why the court should exercise its chancery powers to accomplish for the plaintiff what might have been obtained long ago by an application to the county clerk.   Whether the period in which the right to obtain such a deed or to enforce rights under it has elapsed is not decided, as the record does not present that question and it has not been discussed.

The plaintiff by this equitable action seeks to accomplish the substantial purpose of an action in ejectment. The petition and exhibits show that the defendants are in possession of the land, and if they should be restrained, as the plaintiff prays, they would, to that extent at least, be ousted from the possession which they have taken peaceably, under a title which is perfect unless overthrown by the tax deed.   In this situation, even if the deed were reformed or had been made in the first instance to the proper grantee, an action to recover possession would have been the appropriate proceeding.   (*Atkinson v. Crowe*, 80 Kan. 161.)

In the assignment of the tax certificate to J. W. Baker the initial "H" was by mistake inserted instead of "W," and following this mistake the county clerk used the same initial in writing the name of the grantee in the tax deed; but this is unimportant, and is so treated in the briefs, as it appears that it was intended to make both the assignment and the deed to J. W. Baker, and both should be considered as so written.

The judgment is affirmed.