MAX VAN HALL et al., Appellees, v. CHARLES L. REA, Appellant.

No. 17,046.

SYLLABUS BY THE COURT.

EJECTMENT—*Title—Evidence—Receiver's Final Receipt — Unacknowledged—Record Admissible.* Under the curative act of 1905 (Gen. Stat. 1909, § 1685) the record of an instrument purporting to be a receiver's final receipt, which has been of record in the office of the register of deeds for ten years, may be read as evidence of title in an action of ejectment although the instrument lacks an acknowledgment and although the original is not accounted for.

Appeal from Stanton district court. Opinion filed November 11, 1911. Affirmed.

*George Getty,* for the appellant.

*Thomas A. Scates,* and *Albert Watkins,* for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action in the district court was one of ejectment. The plaintiffs recovered and the defendant appeals. The title of the defendant is based upon a tax deed which the court held to be invalid and which appears to be invalid. It was essential, however, that the plaintiffs should establish title in themselves, and in doing this they were permitted to read in evidence the record of a receiver's final receipt, in the usual form and recorded in 1888, without accounting for the original. The defendant claims the record was incompetent for the purpose for which it was offered, the instrument not being acknowledged and consequently not being entitled to record. The plaintiffs claim that the record was validated by the curative act of 1905 (Laws 1905, ch. 324, § 1, Gen. Stat. 1909, § 1685) and that, under the same act, it was not necessary to produce or account for the original. The court approves the latter view.

The receipt was an acknowledgment by the government, through its receiver of public moneys, that it had been paid for the land and held the legal title in trust for the entryman. (*United States v. Detroit Lumber Co.*, 200 U. S. 321.) The instrument was, therefore, one affecting real estate. Execution of the receipt might have been acknowledged by the receiver, or execution might have been proved if the receiver refused to acknowledge. Under either of these conditions the receipt would have been entitled to record under the provisions of section 1670 of the General Statutes of 1909 (Gen. Stat. 1868, ch. 22, § 19), which reads as follows:

"Every instrument in writing that conveys any real estate, or whereby any real estate may be affected, proved or acknowledged, and certified in the manner hereinbefore prescribed, may be recorded in the office of the register of deeds of the county in which such real estate is situated."

Hall v. Rea.

The only obstacle to recording at the time the record was made was, therefore, lack of acknowledgment, and the purpose of the act of 1905 was to place the record of instruments not acknowledged, but on record for ten years, on the same footing as the record of acknowledged instruments. Besides this, the act makes the record of an unacknowledged instrument which has been on record for ten years competent evidence without producing or accounting for the original to the same extent not only as the record of an acknowledged instrument, but as an instrument which has been duly acknowledged. For all purposes of the law, therefore, the offer of the record in question was equivalent to an offer of the original instrument with a proper certificate of acknowledgment attached, and such an instrument may be read in evidence without further proof. (Gen. Stat. 1868, ch. 22, § 26, Gen. Stat. 1909, § 1677.)

A receiver's final receipt is not a deed or conveyance under section 1658 of the General Statutes of 1909 (Gen. Stat. 1868, ch. 22, § 7.), providing that such instruments may be acknowledged or proved, but that section should be read with section 1670, quoted above, which includes all instruments whereby real estate may be affected. Chapter 91 of the General Statutes of 1909 (Laws 1903, ch. 343, § 1, Laws 1907, ch. 234, §§ 1, 2), relating to the recording of patents, and copies of such records as evidence, and section 380 of the code, providing that a final receipt, or if that be lost or destroyed, a certificate of the receiver, shall be proof of title equivalent to a patent against all but the holder of a patent, do not restrict the remedial effect of the curative act of 1905. Before 1905 curative acts of this kind had related to instruments "now copied" or "now recorded" in the proper books and so were special in their nature. The act of 1905 was broadened and made to apply to any record ten years old.

The plaintiff was entitled to judgment against the

defendant Rea, and that being true he need not be concerned about the validity of the judgment against other defendants.

The judgment of the district court is affirmed.