C. B. CLEMENTS, *Appellee,* v. THE INEZ OIL AND GAS COMPANY, *Appellant.*

No. 17,705.

SYLLABUS BY THE COURT.

COURT—*Powers—Evidence—Secondary Evidence.*   The statute limits the court's power of reversal to cases in which prejudice to substantial rights is made to appear.   Prejudice is not presumed, and a judgment based upon uncontradicted evidence, competent when admitted but which afterwards turns out to be of secondary quality, will not be reversed unless it can be said from the record that the result would probably be different if the primary evidence were produced.

Appeal from Chautauqua district court.   Opinion filed June 8, 1912.   Affirmed.

*J. E. Brooks,* for the appellant.

*W. H. Sproul,* and *J. A. Ferrell,* for the appellee.

The opinion of the court was delivered by

BURCH, J.:   The plaintiff cleaned out a gas well for the defendant under an oral contract that he should receive $16 per day for the time consumed.   On direct

examination the plaintiff testified, without objection, from his knowledge of the fact, that he worked twenty-five days. On cross-examination he testified that he had kept a memorandum of the days he worked, and that he still had the memorandum at his home. A motion to strike out his testimony was overruled. He was not asked to produce the memorandum and the defendant offered no evidence contradicting the plaintiff's statement that he worked twenty-five days. The plaintiff recovered and the defendant appeals.

The defendant argues that the best evidence was not produced and that the failure to produce the best evidence leaves the verdict without any support.

The plaintiff's oral statement was perfectly competent when it was received and was amply sufficient to sustain a verdict in his favor. The probative force of the statement was not impaired by the subsequent discovery of the existence of the memorandum, and the statement not having been withdrawn from the jury it is still sufficient, especially in view of the fact that it is not disputed, to sustain the verdict.

No assurance is offered the court that the plaintiff's evidence was untrue, that the memorandum is different from his testimony, or that the result would be changed if the memorandum were produced. The defendant simply stands upon a rule of evidence and asks that the verdict and judgment be upset in order that the plaintiff may be compelled to prove a fact in a better way. The statute limits the court's power of reversal to cases in which prejudice to substantial rights is made to appear. Prejudice is not presumed, and a judgment based upon uncontradicted evidence, competent when admitted but which afterwards turns out to be of secondary quality, will not be reversed unless it can be said from the record that the result would probably be different if the primary evidence were produced.

So far it has been assumed that the memorandum

constituted the best evidence. There is good authority for holding that the plaintiff's oral statement, based upon his independent knowledge and recollection, was just as much primary evidence as his private memorandum. There is even good authority for holding that the memorandum was secondary evidence; but these questions need not be determined.

The judgment of the district court is affirmed.