J. W. BRIDGES, *Appellee,* v. M. W. VANN et al., *Appellants.*

No. 17,806.

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Payment by Note of Third Party—Consideration.* Where a creditor who holds a valid, subsisting obligation against his debtor accepts in payment of the same, the promissory note of a third party in an amount equal to the obligation of the original debtor, the note being given in pursuance of a business transaction between the two debtors, and the creditor upon accepting the note surrenders and cancels the original obligation, the note of the third party given directly to the creditor in payment of the original obligation is supported by a sufficient consideration.

2. —— *Pleadings—Novation.* Where the case was tried on the theory that one debtor was substituted for the other and that one obligation was accepted in discharge of another, it is immaterial that the transaction was not designated in the pleadings as a novation.

3. EVIDENCE—*Secondary but True—Not Prejudicial.* The fact that evidence admitted to establish a fact is secondary in character is not a good ground of reversal where such evidence is true and the production of the primary proof would necessarily lead to the same result.

Appeal from Montgomery district court. Opinion filed November 9, 1912. Affirmed.

*S. H. Piper,* of Independence, for the appellants.
*Chas. D. Welch,* of Coffeyville, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this case the question involved is whether there was a good consideration for a promissory note by which the appellants, M. W. and Victoria Vann, promised to pay $300 to the appellee, J. W. Bridges. George Vann, sr., who claimed to own the improvements on a tract of land in Indian Territory, was indebted to appellee in a sum in excess of $300, which was evidenced by promissory notes held by appellee. The appellants desired to purchase the improvements on the tract mentioned. No one then had a title to or the power to convey any specific part of the land, but a citizen of the Cherokee Nation who owned the improvements on a tract was given a prior right to file on the same and have it allotted to him. A member of the Cherokee Nation with a right to settle upon and improve the land made a writing transferring the improvements on this tract to George Vann, sr. He sold and transferred the improvements to the appellants, who were Cherokees, for $400, payment to be made by the execution of a promissory note to George Vann, sr., for $100 and the execution of another note for $300 directly to appellee, who accepted that note in lieu of notes of that amount held by him against George Vann, sr. The prior notes held by appellee were delivered and surrendered to George Vann, sr., and were destroyed by him. The appellee was not a party to the sale and transfer of the improvements and never claimed any title to the land or the improvements on it. He simply accepted the $300 note executed by appellants in discharge of notes of

the same amount which was owed to him by George Vann, sr.

It is contended that there was no consideration for the note given to him by appellants for the reason that appellants never gained possession of the improvements, and that appellee as well as George Vann, sr., had agreed to put them in possession. Upon the question whether appellee agreed to put appellants in possession the testimony is conflicting and their claim is negatived by the finding that appellee was not a party to that contract. When the transfer was made appellant Victoria Vann could have selected the land as her surplus allotment and have filed upon it, and in case anyone else had made a filing thereon she could have instituted a contest to determine who had the better right to the land and improvements. Although appellants, nor either of them, ever obtained possession of the improvements, Victoria Vann, who contemplated filing on the land, never made any attempt to file on it nor to contest the filing of any other person. There is a finding of the court, based on sufficient evidence, that appellants were well informed in respect to the improvements and the entire situation and, further, that no misrepresentations were made and no fraud practiced by any of the parties to induce appellants to enter into the contract.

The transfer of the land, or the right to transfer it, is not involved in the case, but it is insisted that the promise of appellants to pay $300 to appellee was without consideration for the reason that appellants had not received any benefit for their promise. It is not essential to the validity of the note that they were benefited by the transaction with George Vann, sr., nor that they did receive what he contracted to give them. The consideration for the note is not the benefit received by appellants, but it is rather the surrender

and cancellation of the original debt held by appellee against George Vann, sr.   It has been held that:

"It is no defense to an action on a promissory note for the maker to say that there was no consideration which was beneficial to him personally; it is sufficient if the consideration was a benefit conferred upon a third person, or a detriment suffered by the promisee, at the instance of the promisor."   (*Wright v. McKitrick,* 2 Kan. App. 508, syl. ¶ 3, 43 Pac. 977.)

It is enough if the obligee foregoes some right or privilege or suffers some detriment, and the release and extinguishment of the original obligation of George Vann, sr., for that of appellants meets that requirement.   Appellee accepted one debtor in place of another and gave up a valid, subsisting obligation for the note executed by appellants.   This, of itself, is sufficient consideration for the new note.   (*Underwood v. Lovelace,* 61 Ala. 155; *Bacon v. Daniels,* 37 Ohio St. 279; *Crowder et al. v. Reed,* 80 Ind. 1; *Mulcrone v. Amer. Lumber Co.,* 55 Mich. 622, 22 N. W. 67; 7 Cyc. 703; 29 Cyc. 1131; 21 A. & E. Encycl. of L. 671.)

It is contended that testimony was received upon the theory that there had been a novation, whereas the term was not even mentioned in the pleadings.   It is immaterial that the transaction was not expressly designated in the pleadings as a novation.   It was tried upon the theory that one debtor of appellee was substituted for another and that a prior obligation was released and canceled by the execution and acceptance of the note in suit.

There is complaint of the admission of secondary evidence of the law in the Indian Territory as it stood in 1902, as to whether a white man not connected with the Cherokee Nation could own Cherokee lands or the improvements on such lands.   The court could take notice of the acts of congress so far as they applied, and a qualified witness was competent to testify as to the

local law of the Territory and its construction. The witness was undoubtedly qualified and it is not denied that he correctly stated the law, so that the objection to the reception of secondary evidence is not material. Besides, it has been held that a provision making printed copies of foreign state or territorial statutes presumptive evidence of the law in such country, state or territory can not be regarded as the only means of making proof of the law and its construction. (*Bank v. Shore,* 87 Kan. 140, 123 Pac. 880.) However the competency of the secondary evidence may be viewed, it is clear that being in fact true no prejudicial error was committed by its admission. (*Clements v. Gas Co.,* 87 Kan. 418, 124 Pac. 423; *Funk v. Insurance Co.,* 87 Kan. 568, 125 Pac. 35.)

There are other criticisms of the rulings of the court but none of them is material. The judgment of the district court is affirmed.