THE MASONIC BUILDING ASSOCIATION OF TOPEKA, *Appellee*, v. GEORGE GORDON et al., *Appellants*.

No. 17,827.

SYLLABUS BY THE COURT.

1. PARTY WALL—*Boundaries*—*Mutual Agreement.* In an action to recover for the use of a party wall the answer alleged (1) payment in full for the half of the wall on defendant's side, (2) that in violation of the contract providing for the erection of the wall plaintiffs' grantors had placed the wall six inches over the line and upon the defendant's lot. The reply consisted of a general denial and a plea that the former owners of the adjoining properties had fixed the wall as the true boundary by mutual agreement. The court found generally for the plaintiffs. *Held*, that upon the issues of fact there was sufficient evidence to support the judgment. -

2. INSTRUMENT—*Affecting Real Estate*—*Record.* A writing in the following language is held to be an instrument affecting real estate:

"$200.00.                                DECEMBER 31, 1887.
    "Received of John Norton Two Hundred Dollars for the party wall agreed upon by and between W. S. and Lydia B. Arter and L. and Hattie Blackman, as per contract dated May 27, 1887, and recorded in book 135, page 546, of the records of Shawnee County, Kansas. Said John Norton now being the owner of the property described in said contract, title then in W. S. Arter. This receipt being in full for said wall as described in the above mentioned contract.
                                        H. M. BLACKMAN.
                                        L. BLACKMAN."

3. —— *Defective Acknowledgment — Record — Valid.* Where such an instrument had been filed in the office of the register of deeds in the proper county for a period of ten years it is as valid, notwithstanding a defective acknowledgment, as though duly acknowledged in the first instance. (Gen. Stat. 1909, § 1685.)

Appeal from Shawnee district court, division No. 1. Opinion filed December 7, 1912. Affirmed.

*Z. T. Hazen,* and *R. H. Gaw,* both of Topeka, for the appellants.

*Matt Campbell,* of Topeka, for the appellee.

The opinion of the court was delivered by

PORTER, J.: This is an appeal from a judgment for $140, which the court found to be the reasonable value of a portion of a party wall used by appellants in the erection of a building.

The Masonic Building Association owns the south nineteen and two-thirds feet of lot 114, on Kansas avenue, in the city of Topeka, owned in 1887 by L. Blackman and wife; the appellants own a part of the adjoining lot 112 and the north five feet four inches of lot 114, occupied in 1887 and for many years thereafter by a two-story brick and stone building about fifty feet long, the south wall of which was the line between the adjoining properties. In 1887 this property was owned by W. S. Arter and wife, the appellants having purchased the same in 1908. The petition set up a written contract filed for record May 31, 1887, entered into between W. S. Arter and wife and the Blackmans, for a party wall to be erected by L. Blackman, one-half thereof upon the property of each. That part of the contract pertinent here reads: ·

"Said Blackman agrees to build said wall complete and shore up the building now on the ground of said Arter and connect the same securely and properly with the new wall on or before June 25th, 1887, and to pay the tenant in Arter's building any damage he may sustain by reason of said improvement.

"In consideration whereof said Arter agrees and promises to pay said Blackman $200.00 in cash upon the completion of said improvement, and in case the said Arter, his heirs or assigns, shall at any time desire to use any part of said wall beyond the limits of the present building he or they shall pay unto the said Blackman, his heirs or assigns, one-half the value of the wall so desired to be used, to be estimated according to the value of such wall at the time, and such sum shall be paid before possession is taken.

"Each of the parties hereto is hereby granted such an interest in the real estate upon which said wall is

built as to constitute the same a party wall, and this agreement shall be binding upon the parties hereto, their heirs and assigns."

The petition alleged that in 1910 the appellants had made use of a larger portion of the wall than had been used in connection with the building formerly standing upon appellants' lot and asked for the reasonable value of such portion. The answer pleaded payment in full for the half of the wall on appellants' side, and also alleged that the Blackmans, in violation of the contract, had built six inches of the wall upon the lot now owned by appellants. The reply alleged that at the time the wall was built the parties agreed upon the dividing line and that the Arters and their successors in interest had ever since acquiesced therein, and denied payment.

Substantially all the facts are found in an agreed statement submitted to the court. A part of the statement is:

"It is further agreed that said Blackman proceeded to build, under and by virtue of said agreement, the wall which is now in controversy herein, making the same of the dimensions and thickness specified or contemplated in said written agreement and completed the same within the time specified therein; that on the completion of said wall, said Arter paid to said Blackman the $200.00 mentioned in said agreement, which was for that portion of the wall then used by said Arters as the south wall of their building then standing on the land of the said Arters immediately north of the land of said Blackmans.

"It is further agreed that in the summer of 1910 the defendants, Gordon Brothers, tore down the old building which had theretofore been upon said part of lot 112 and the north five and one-third feet of lot 114 on Kansas avenue and constructed in place thereof a new and larger building and attached the same to and used the wall in controversy herein as the south wall of said new building and thereby used a larger quantity of said wall than had been used in connection with said old building."

It was admitted that appellees made a demand for payment, which was refused. Appellees offered proof showing the value of additional use of the wall. L. Blackman, the former owner of appellee's property, testified:

"Before I built that wall there was a survey made and I built the wall on the line given by the surveyor. . . . I was paid the $200.00 stipulated in the contract, but was never paid any more than the $200.00. The survey was made for the purpose of ascertaining the property line between me and Arter and I built the wall according to the survey. The survey was agreed upon between me and Mr. Bartholomew. . . . From that day until this there was no objection that I ever heard of."

The appellants introduced the record of the following instrument, filed for record October 12, 1888:

"$200.00.                          December 31, 1887.

"Received of John Norton Two Hundred Dollars for the party wall agreed upon by and between W. S. and Lydia B. Arter and L. and Hattie Blackman, as per contract dated May 27, 1887, and recorded in book 135, page 546, of the records of Shawnee County, Kansas. Said John Norton now being the owner of the property described in said contract; title then in W. S. Arter. This receipt being in full for said wall as described in the above mentioned contract.      H. N. Blackman.
                                    L. Blackman."

This record was objected to by the appellee on the ground that the failure of the notary to state in his certificate the date of the expiration of his commission was such a defect in the acknowledgment that the instrument was not entitled to record. It is an instrument whereby real estate may be affected. (*Zeinor v. Edgar*, 79 Kan. 406, 99 Pac. 614; *Hall v. Rea*, 85 Kan. 675, 118 Pac. 693.) It is clear that section 1685 of the General Statutes of 1909 cured the defective acknowledgment. The legislature therein provided that when any such instrument has been of record in the office of the register of deeds in the proper county for the

period of ten years it shall be valid as though in all respects duly executed and acknowledged in the first instance. *Hall v. Rea,* supra, held that such an instrument may be read in evidence although it lacks acknowledgment and although the original is not accounted for.

The main contention of appellants is that the party wall had been fully paid for, and that this conclusively appears by the foregoing receipt, and certain admissions in the petition, and the agreed statement of facts submitted to the court. It is conceded that the covenant created by the party-wall agreement was one running with the land (*Southworth v. Perring,* 71 Kan. 755, 81 Pac. 481), and that when the Gordons purchased in 1908 they took with notice of the obligation; but it is insisted that the receipt, being of record, was notice to them that the party wall had been fully paid for. While the language of the instrument is not entirely free from ambiguity, it refers to the contract, which was also of record, and reading them together we find no difficulty in giving to the receipt the same construction which it is evident the trial court gave to it. It was executed within a few months after the completion of the party wall. The amount paid is the same as was agreed upon between Blackman and the Arters, from whom Norton purchased. While it purports to be a payment "for the party wall" or "as per contract," it is apparent to us that the payment referred to was the $200 which Arter agreed to pay upon the completion of the wall, and that the last clause, which reads: "This receipt being in full for said wall as described in the above mentioned contract," was not intended to acknowledge payment for that part of the wall which might never be used. In the absence of the testimony of Blackman that he was never paid any sum except the $200 mentioned in the contract, we would so construe the language of the

receipt. In the petition it was alleged that "on the completion of said wall the said Arters paid the said Blackmans the $200 mentioned in said contract, which was for that portion of the wall which was rebuilt and was then used by the said Arters as the south wall of their said building." The following declaration is from the agreed statement of facts: "that on the completion of said wall, said Arter paid to said Blackmans the $200 mentioned in said agreement, which was for that portion of the wall then used by said Arters as the south wall of their building." It is appellants' contention that the appellee is not now in a position to claim the very reverse of this solemn statement, and that the fact as alleged in the petition and agreed to on the trial conclusively establishes the true consideration for the payment made by Norton; that inasmuch as it is conceded that the $200 mentioned in the contract was paid by the Arters, there can be no doubt that the receipt of December 31, 1887, was in full payment for the part of the wall the owners of the Arter lot might subsequently use. It was for the court to determine from the evidence whether the use of the wall for which the action was brought had been paid for. To determine this issue of fact required the court to consider the pleadings, agreed statement of facts and all the evidence, to construe the language of the receipt and determine what was the intent of the parties thereto. It is obvious that the court did not give a literal construction to the admission in the pleading and statement of facts to the effect that the Arters paid the $200 mentioned in the contract, but under all the evidence held that the payment spoken of in the receipt, although actually made by Norton, was in fact a payment by the Arters. And as Blackman testified that he was never paid any sum except the $200 we think the court was warranted under all the evidence in finding that the payment by

Norton was the payment intended to be referred to in the petition and in the agreed statement of facts.

This is a case which turns solely upon questions of fact. The court, upon what appears to us to be sufficient evidence to support the judgment, found that the use of the wall for which the appellee sought to recover had not been paid for and that the wall was erected upon the line between the properties, or if not, that the parties by mutual agreement fixed that as the boundary. Upon every issue there was evidence to support the judgment.

The judgment is affirmed.