Morrow v. Inge.

*W. R. Hazen,* of Topeka, *W. F. Chailis,* and *E. C. Brookens,* both of Westmoreland, for the appellant.

*E. M. Brunner,* of Wamego, *A. E. Crane, E. D. Woodburn,* and *F. T. Woodburn,* all of Holton, for the appellees.

S. H. MORROW, *Appellee,* v. LYCURGUS INGE et al., *Appellants.*

No. 17,934.

SYLLABUS BY THE COURT.

1. TAXATION—*Notice of Conveyance of Unredeemed Lands—Official Paper Found Among Treasurer's Files—Prima Facie Evidence.* What purports to be a copy of the official county paper, containing the notice of the conveyance of unredeemed lands sold for taxes, found among the files of the office of the county treasurer, although not required by law to be kept there, is sufficient to establish *prima facie* the contents of the published notice, where evidence of a higher order can not be procured.

2. ——— *Same.* A judgment will not be reversed because such

31—89 KAN

a copy was admitted without a showing that no better evidence was procurable, where no reason is suggested for supposing that the notice there contained is not genuine.

Appeal from Hamilton district court. Opinion filed May 10, 1913. Affirmed.

*George Getty,* of Syracuse, for the appellants.

*Thomas A. Scates,* and *Albert Watkins,* both of Dodge City, for the appellee.

The opinion of the court was delivered by

MASON, J.: The plaintiff in ejectment recovered judgment against the holders of a tax deed less than five years old, who appeal.

The plaintiff traced title from the Atchison, Topeka & Santa Fe Railroad Company. A record was introduced showing a patent from the state to the company. The defendants maintain that there was a technical defect in the record and therefore that the plaintiff failed to prove title in himself. If the record was in fact defective, it was validated by the curative act. (Gen. Stat. 1909, §§ 1684, 1685; *Hall v. Rea,* 85 Kan. 675, 118 Pac. 693.) Moreover the land being in an odd-numbered section within ten miles of the main line of the railroad, the court takes judicial notice, in the absence of proof to the contrary, that it was patented to the company. (*Worden v. Cole,* 74 Kan. 226, 86 Pac. 464.)

A newspaper was introduced in evidence containing what purported to be the redemption notice upon which the tax deed was based—that is, the notice that the lands sold for taxes would be deeded unless redeemed by a time stated. Assuming the genuineness of the paper the tax deed was voidable, for the amount stated in the notice in connection with the tract in question exceeded the taxes and interest, and evidently included other charges, under a practice due to an error in an

edition of the statute by which the phrase "taxes charged, and interest," was rendered "taxes, charges and interest." (*Harp v. Wilson,* 84 Kan. 45, 113 Pac. 309.)

The only question in the case not covered by prior decisions of this court is whether it' was sufficiently shown that the notice given in evidence was in fact the official notice published by the county treasurer. The newspaper was produced by that officer, who found it among his files. The transcript does not show the name of the paper, but in support of the judgment it must be presumed to have been the *Journal,* as it was agreed that that was the official county paper in the year 1897, when the notice was published. No affidavit of publication was attached to the newspaper. If there had been, the treasurer's office was not the proper place for its retention, since the statute makes the county clerk the permanent custodian of all "affidavits, notices of papers of reference to" tax sales. (Gen. Stat. 1909, § 9456.) The publication of the notice of the sale of land for taxes is required to be proved by the affidavit of the printer (Gen. Stat. 1909, § 9443), but no such requirement seems to be made as to the redemption notice. In *Bergman v. Bullitt,* 43 Kan. 709, 23 Pac. 938, it was held that the trial court erred in admitting in evidence a document certified by the county treasurer to be a true copy of the redemption notice on file in his office. In the opinion it was said:

"The county treasurer, . . . not having the official custody of these records, is not authorized to certify, and the copy of the notice which he chanced to find in his office, and which was offered in evidence, should have been rejected. The parties, however, are not foreclosed by the absence of such record evidence in the office of the county clerk. The facts with reference to this redemption notice may be obtained from the files of the official paper, and from the testimony of the publisher of the same; and they may be shown by still other competent evidence." (p. 712.)

The newspaper found in the office of the county treasurer, although not required by law to be kept there, proved itself with reasonable certainty. There is little likelihood of any one having been at the pains to print a counterfeit, purporting to be one of the regular issues of the paper. In case better evidence could not be produced it had sufficient probative force to establish *prima facie* the contents of the redemption notice. Its admission may have been technically erroneous, because no sufficient foundation for it had been laid, by showing that no affidavit of publication was in the custody of the county clerk, and that no publisher's file was accessible. But under the present code this would not justify a reversal unless it affirmatively appear that prejudice resulted. (Civ. Code, § 581.) No reason has been suggested for supposing that if any other copy had been produced it would have shown a different state of facts from that exhibited by the paper introduced. If such reason existed it could easily have been shown. Without such showing it must be assumed that the paper produced correctly showed the amount stated in the redemption notice, and any error in its admission was not prejudicial. (*Bridges v. Vann,* 88 Kan. 98, 127 Pac. 604.)

The judgment is affirmed.