No. 20,404.

THE CITY OF DUNLAP, *Appellee,* v. MINNIE E. WATERS,
*Appellant.*

### SYLLABUS BY THE COURT.

1. CITY—*Purchase of Leased Premises—Attornment by Tenant—Competent Evidence.* The city purchased real estate occupied by a Young Men's Christian Association as tenant of the former owner. The secretary of the Young Men's Christian Assocation, who was also a member of the city council, testified that the Young Men's Christian Association leased the property from the city, that he presented the matter to the council for the Young Men's Christian Association, and that the council made a record of it. The terms of the tenancy were not material or in dispute. *Held,* the fact of attornment and of tenancy under the new owner could be proved in this way, without production of the record of the city council's proceedings.

2. TRIAL—*Material Fact—Established by Secondary Evidence—Best Evidence Available—No Prejudicial Error.* If a fact material to a judgment be established by secondary evidence, erroneously admitted over objection, the judgment will not be reversed on appeal, and all the fruits of the trial sacrificed, merely because the best evidence was not produced, when the best evidence consists of a record open to inspection by the defeated party, and no showing was made to the district court at the hearing of the motion for a new trial, and no claim is made in this court that the record, if produced, would contradict the secondary evidence.

3. TAX DEED — *Omission of Recitals — How Corrected — Laches.* The remedy of a person receiving a tax deed which omits necessary recitals is to apply to the county clerk for a corrected deed. Should such application not be made before judgment is rendered quieting title against the tax deed, it is not a valid objection to the judgment that the remedy is lost.

Appeal from Morris district court; ROSWELL L. KING, judge. Opinion filed December 9, 1916. Affirmed.

*Dennis Madden,* of Emporia, for the appellant.

*J. M. Miller,* and *Harry E. Snyder,* both of Council Grove, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action in the district court was one in statutory form to quiet the title to real estate. The plaintiff prevailed and the defendant appeals.

The defendant claimed title under a tax deed defective on its face, and was scrambling for possession. The plaintiff claimed title under deeds from the heirs of Frank Sargent, the owner at the time of the tax sale, and claimed possession through its tenant, the Young Men's Christian Association, which was placed in possession by Sargent. The question was whether or not the Young Men's Christian Association was the plaintiff's tenant. The secretary of the Young Men's Christian Association was a member of the city council. He testified as follows:

"Now, do you say the Y. M. C. A. leased it from the City. A. Yes, sir.

"When? A. I could n't say.

"Do you know that of your own knowledge? A. I do.

"Did you negotiate the leasing? A. I was present at the time, and presented the matter for the Y. M. C. A.

"Before the Council? A. Yes, sir, before the Council.

"They made a record of that? A. Yes, sir."

The mayor of the city also testified that the city made arrangements with the Young Men's Christian Association to occupy and use the building on the property in controversy. The record of the proceedings of the city council was not introduced in evidence, and motions were made to strike out the testimony referred to as not the best evidence.

The best evidence rule is an ancient one, and is well founded. It is to be applied, however, with discrimination. Ordinarily the official action of the governing body of a municipal corporation should be proved by the record, and the terms of written instruments should be proved by production of the writings. If, however, the precise terms of a record or of a written instrument are not material to the fact under investigation, production of the record or of the writing may be dispensed with in many cases. Thus in 2 Wigmore on Evidence, § 1246, it is said:

"(6) The mere fact that a person is *owner* of property, whether real or personal, is a distinct thing from the terms of the document or documents by which he has become owner; although instances may be supposed in which the relation of ownership involves so directly the terms of a specific deed that the rule of production applies. (7) The fact that a person occupies the relation of *tenant*, as to a piece of land or its owner, is a distinct fact; for he may have become tenant by parol or by writing, and the tenancy is the result of the transaction, and is not the transaction

itself. Nevertheless, so far as the terms of a written tenancy are drawn into the question, the rule of production begins to be applicable."

Likewise, in 17 Cyc. 486, it is said:

"Where the relation of landlord and tenant exists by virtue of a written lease or other instrument, and the existence and terms of the tenancy lie at the foundation of the cause or are directly in issue, the written instrument constitutes the best evidence, and parol or other secondary evidence is excluded under the best evidence rule. But in other cases it is generally held that where the fact to be established is simply the existence of the tenancy as distinct from its terms, the best evidence rule does not apply, and, although there may be a lease or other written instrument defining the terms of the tenancy, the fact of the tenancy may be proved by parol without the necessity of producing the writing."

In this instance the fact to be proved was attornment. The Young Men's Christian Association held possession as a tenant of the owner, Sargent. After his death his heirs conveyed to the plaintiff, and the question was whether or not the Young Men's Christian Association then acknowledged the plaintiff as its landlord. Any act of the tenant recognizing the plaintiff as the source of its continued right to possession, or as the owner to whom the obligations of a tenant were due, was sufficient to constitute attornment, and after attornment the possession of the tenant was the possession of the new owner. (24 Cyc. 891.) Such recognition was properly provable in this instance by parol.

Following the suggestion closing the quotation from Wigmore on Evidence, it may be asked, how could it be definitely known that the city responded favorably to the Young Men's Christian Association's application and "leased" to it, as the witnesses said, without the contents of the record being before the court. The question brings up the subject of the production of documents collateral to the issue, which is discussed by Dean Wigmore as follows:

"In the great majority of instances where the terms of a document are not in actual dispute, it is inconvenient and pedantic to insist on the production of the instrument itself and to forbid all testimonial allusion, however casual, to its terms: . . . But in any case the misfortune of inconsistent precedents and the disadvantage of an obscure definition can be obviated by applying strictly that salutary doctrine of judicial discretion. Let the trial judge determine absolutely, and without review, the application of the principle to each case. Whether a document is 'collateral' is practically a question whether it is important enough under all the circumstances to need production; and the judge presiding over

the trial is fittest to determine this question finally." (2 Wigmore on Evidence, § 1253.)

Conceding the case to be one requiring proof by the best evidence, the record, which was not produced, the defendant is not entitled to a new trial. The record was not a private instrument which the defendant had no opportunity to read. It was a public record of the proceedings of the city council. If the characterization given those proceedings by the witnesses was not correct a telephone communication with the city clerk would have revealed the fact. No proof was offered at the hearing on the motion for a new trial that the proceedings of the city council were different from what the plaintiff claimed them to be, and no suggestion is made in the brief that the record, if produced, would contradict the secondary evidence in substance or legal effect. The relation of landlord and tenant between the city and the Young Men's Christian Association was clearly proved, but a rule of evidence was not observed. The defendant's proposal is to reverse the judgment and retry the case, not that a different result may be reached, but that the procedure may be formally correct. In this court prejudice to substantial rights is not presumed to result from a wrong ruling but must be made to appear affirmatively. (*Morrow v. Inge,* 89 Kan. 481, 131 Pac. 1184; *Bank v. Robinson,* 93 Kan. 464, 144 Pac. 1019; *Morris v. Blazer,* 96 Kan. 466, 152 Pac. 767.)

The defendant's tax deed was defective for failure to recite an assignment to the defendant of the tax-sale certificate on which it was based. The defendant says the judgment cuts off her right to demand and receive a tax deed containing proper recitals. This is the defendant's own fault. She accepted the deed which the county clerk issued and placed it on record. She did not establish by any proof that she was entitled to a better deed, but if she were, the court could not aid her. It could not give her another deed, or reform the one issued. Her remedy was to apply to the county clerk for a corrected deed. (*Baker v. Lane,* 82 Kan. 715, 109 Pac. 182.) It rested with her to make this application or not, as she chose. She chose to stand on the deed issued to her, which the plaintiff had the right to attack.

The judgment of the district court is affirmed.