Muir v. Campbell.

No. 23,358.

WILLIAM MUIR, as Guardian, etc., *Appellee*, v. CHARLES A. CAMP-BELL et al., *Appellants*.

#### SYLLABUS BY THE COURT.

1. EVIDENCE—*Certified Copy of Entries in Justice's Docket.* A certified copy of entries made in the docket of a justice of the peace is admissible in evidence without proof that the original is not accessible.

2. ILLEGITIMATE CHILD—*Prima Facie Evidence of Paternity—Admissions of Defendant.* An entry upon the docket of a justice of the peace in a proceeding under the illegitimate-children act reciting that the defendant appeared in open court, waived the issuance of a warrant, submitted to the jurisdiction of the court, and pleaded· guilty, was one proper to be made and is at least *prima facie* evidence of the fact that the defendant admitted himself to be the father of the child.

3. SAME. Whether the entry described in the preceding paragraph may constitute a recognition of paternity in writing is not determined.

4. SAME—*Notorious Recognition of Illegitimate Child by Its Father.* The evidence is held sufficient to support a finding that there had been a general and notorious recognition of an illegitimate child by its father.

5. SAME—*No Prejudicial Error in Rulings of Court.* Rulings admitting and rejecting evidence are held not to have been prejudicial.

Appeal from Republic district court; FRED R. SMITH, judge *pro tem.* Opinion filed December 10, 1921. Affirmed.

*A. J. Freeborn,* of Washington, *W. D. Vance,* and *R. E. McTaggart,* both of Belleville, for the appellants.

*N. J. Ward, J. M. Livingood,* both of Belleville, *J. A. Fleming,* of Topeka, and *C. W. Burch,* of Salina, for the appellee.

The opinion of the court was delivered by

MASON, J.: Charles A. Campbell died intestate owning considerable real property. Christina Galloway brought an action against his children claiming a share in the estate by virtue of her being an illegitimate daughter of the decedent, who had been so recognized by him as to make her an heir. She having thereafter been adjudged incapable of managing her affairs, William Muir was appointed as her guardian and substituted as plaintiff. Judgment was rendered in favor of the plaintiff, and the defendants appeal.

1. A considerable part of the controversy turns upon the admissibility and effect of a certified copy of the entries in the docket of a justice of the peace, introduced in evidence by the plaintiff, relating to a proceeding brought by the state on the relation of Mary J. Hughes, the mother of Christina Galloway, against Charles A. Campbell, to require him to make provision for her illegitimate child

of which she charged him with being the father. That the proceeding had relation to the plaintiff's ward is shown by the date of its birth as stated in the record. The entries here important read:

"April 12, 1895, the relatrix filed her complaint, charging defendant, Charles A. Campbell, with being the father of her bastard child which was born on Dec. 16, 1894. Defendant appeared in open court waived the issuing of a warrant and submitted to the jurisdiction of the court and pleads guilty.

"I, Mary J. Hughes hereby admit that provision has been made to my satisfaction for the maintenance of the bastard child mentioned in the complaint filed in this cause, and I hereby ask that this cause be dismissed.

"MARY J. HUGHES.

"On motion of the relatrix, she having acknowledged in writing that provisions has been made for the maintenance of the bastard child mentioned in her complaint, the said cause is by the court on this 12th day of April, 1895, dismissed with prejudice to any further action."

The admissibility of the document is contested upon various grounds. It is contended that the absence of the original record was not sufficiently accounted for. A justice of the peace testified that he had in his possession some records made by the former justice; that he had tried to find the records he had left, but had been able to find only one criminal docket, although he had looked every place he knew of to try to find others. If this showing was technically defective the defect is not sufficient to warrant a reversal, there being no reason to suppose that the original could have been produced. (*Morrow v. Inge,* 89 Kan. 481, 131 Pac. 1184; *City of Dunlap v. Waters,* 99 Kan. 257, 161 Pac. 641.) Moreover, the statute makes certified copies of proceedings before a justice of the peace evidence of such proceedings. (Gen. Stat. 1915, § 7278.) The copy of the proceedings which was introduced was found in the office of the clerk of the district court where it had presumably been placed under the mistaken impression that the filing of a transcript there was required notwithstanding the fact that a settlement had been made. This circumstance however does not affect its admissibility as a certified copy of the docket entries.

2. It is contended that the entry to the effect that the defendant had pleaded guilty was not admissible because the recital was one not authorized to be entered on the docket by the justice. The proceeding was a special one, the procedure therein when not otherwise provided being governed by the law regulating civil actions. (Gen. Stat. 1915, § 5124.) The justice's civil code enumerates the matters to be entered in the docket (Gen. Stat. 1915, § 7893), and the entry

of others does not make them part of the record. (*Hagaman v. Neitzel,* 15 Kan. 383.) A proceeding under the illegitimate-children act is somewhat similar to a preliminary examination on a criminal charge; there is no occasion for a technical plea of guilty or not guilty. But the justice is required upon a hearing to adjudge whether the defendant is the father of the child. A statement by the defendant in whatever form made that he admitted the fact would dispense with the necessity of taking testimony. In civil cases the justice is required to show upon his docket when the parties voluntarily appear, the filing of pleadings (bills of particulars) by them, and which of them if either appears at the trial. We think where a defendant in a bastardy proceeding waives the issuance of a warrant, enters his appearance and admits that he is the father of the child it is proper for the justice to enter such facts on his docket, and that the entries made in the case under consideration are at least *prima facie* evidence of the facts to which they relate. The circumstance that the record shows the proceeding was then dismissed upon provision for the child being made to the satisfaction of the mother does not impair the evidential effect of the earlier entry.

3. There was sufficient evidence to sustain a finding that the plaintiff's ward was the daughter of the decedent. In order to recover, it was also necessary to prove that she had been recognized by him as such, by a recognition either general and notorious, or else in writing. (Gen. Stat. 1915, § 3845.) The plaintiff contends that the entry on the docket of the justice constitutes a written recognition. In some states the statute requires that the written recognition to be effective must be signed by the putative father. The omission of such a provision in our own statute leaves room for an argument that a judicial record may be effective as a recognition in writing. We do not find it necessary to pass upon that matter, however.

4. The entry on the justice's docket is at all events an important item of proof upon the issue of a general and notorious recognition. There is other evidence of the same tendency although not equally clear and forcible. There was testimony that Campbell said he had pleaded guilty to the charge of being the father of the child, and that he had settled for it. A witness said Campbell had told him he had employed a lawyer and told him to settle. There was evidence that on being told of the rumor that he was the father of the child and asked if it were true he had answered

Muir v. Campbell.

that was all right, but that he had settled for it—he guessed it was so, he had settled with her anyhow; that he said to some five or six people on being joked about the child that he was 'not ashamed of her; that in the presence of several others he said he was going to take the child and educate it; that on another occasion in the presence of something like eight people he said it was his child and he had settled for it; that he was overheard to tell the child's mother that he would see that she had books for he wanted her to have an education; that he admitted the paternity of the child to a witness with whose sister he was going, and asked him to make it right with her, saying he was sorry for the affair. The fact that there was much evidence having a contrary tendency is not now material, since this court cannot weigh conflicting oral testimony. It is sufficient for present purposes that we conclude there was substantial evidence to support the finding that there had been a general and notorious recognition. The situation is not greatly dissimilar to that presented in *Smith v. Smith*, 105 Kan. 294, 182 Pac. 538, save that there the finding in favor of recognition was aided by the fact that the father had lived but a short time. Criticism is made of specific findings of the court as not sustained by the evidence. We deem it unnecessary to discuss them in detail. We discover no finding vital to the matter of effective recognition to be without support.

5. Complaint is made of the admission of evidence relating to common gossip and report as to a settlement having been made. If the evidence was not competent it does not appear to have been prejudicial. Complaint is also made of the rejection of a will executed by Campbell but never probated, undertaking to leave his property to his legitimate children by name, which was offered by the defendants on the theory that if there had been a general and notorious recognition of the illegitimate child provision would have been made for her, or at all events she would have been referred to in the will. The instrument was obviously ruled out because the trial court did not regard it as having any substantial probative effect. If it had been admitted it is clear that it would not have affected the decision. We do not regard the rejection as prejudicial.

The judgment is affirmed.